UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

KOSTA VELIS

    Plaintiff,                                            Case No:

vs.

DR. DEEPTI SADHWANI MD, individually,
DR. HARISH SADHWANI MD, individually,
QUALITY HEALTH CARE, LIFESTYLE BY DR. DEEPTI,
and VITALITY & RESTORATIVE INSTITUTE LLC.

    Defendants.
_____/

## **COMPLAINT**

COMES NOW the Plaintiff, KOSTA VELIS, and files this Complaint and state as follows:

## **JURISDICTION**

Jurisdiction is this Court is proper under 28 U.S.C. §1331 as this action arises under Title VII of the Civil Rights Act of 1964, 29 U.S.C. 2000(e) and 28 U.S.C. §1367 for the pendant state claims. This action alleges damages in excess of $30,000.00, exclusive of attorney's fees and costs.

1

## CONDITIONS PRECEDENT

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission within 300 days of the discriminatory/retaliatory events. Plaintiff received a Right to Sue on March 9, 2021 and filed the instant suit within 90 days of receipt.

## PARTIES[1]

1. Plaintiff was employed from March 4, 2019 until December 20, 2020 by Defendants.

2. Defendants identified Plaintiff as an independent contractor even though he was an employee.

3. Plaintiff's role was listed as "Chief Operating Officer" and he was responsible for human resources, personnel, operations, IT, business development and marketing on a day-to-day basis for almost two years.  In addition, Plaintiff also met with patients daily and represented the company at various events. This was not an independent contractor relationship but, in fact, an employee/employer relationship.

---

[1] Since both individually named Defendants have the same last name, they will be referred to throughout this Complaint by their first names.

## COUNT 1
## FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
## AGAINST ALL DEFENDANTS

4. Defendants purposely misclassified Plaintiff as an independent contractor, knowing that he was, in fact, an employee.

5. When hired, Plaintiff received Quality Healthcare & Wellness Institute Employee Handbook for which he was required to sign an acknowledgment that he was an at-will employee and received the Employee Handbook.

6. When hired, Plaintiff received an Agreement regarding Arbitration of all Employment Disputes and Waiver of Right to Jury trial that he was required to sign.

7. Plaintiff had a set schedule that mirrored the office hours so he could not seek any other business opportunities.

8. At some point during his employment, Plaintiff was required to start wearing scrubs.

9. Dr. Deepti exercised control of the work performed by Plaintiff including, but not limited to, the projects on which he should work, the location where he would work on a daily basis, Plaintiff was required to turn in daily activity sheets and was directed where to purchase supplies and services.

10. Defendants required Plaintiff to attend the following trainings: Regenerative Medicine Training Institute (which was held in Jupiter, FL), Fotona (which was held

in Dallas, Texas), IV Training with other staff, training to receive his Medical Assistant Certification and BTL Emsella, NeuralScan, and Emcyte.

11. Defendants made significant investment in equipment (approximately $250,000.) that Plaintiff used to perform the duties of his job.

12. Plaintiff received an annual salary and received discretionary bonuses.

13. By improperly classifying Plaintiff as an independent contractor, Defendants avoided paying payroll taxes.

14. Failing to pay proper payroll taxes constitutes an unfair method of competition prohibited under FDUTPA.

WHEREFORE, Plaintiff demands compensatory damages for all payroll taxes and matching contributions that the Defendants should have paid to the Internal Revenue Service, attorney's fees, costs, and any other damages the Court determines is appropriate.

## COUNT 2
## VIOLATION OF TITLE VII FOR RETALIATION AGAINST QUALITY HEALTH CARE

15. During his employment, Plaintiff engaged in a consensual sexual relationship with Dr. Deepti (who was his Primary Care Physician at the time), which ended in August 2020.

16. Subsequently, Dr. Deepti indicated a desire to resuming the relationship, but that did not occur.

17. In December 2020, Plaintiff was subjected to anti-Semitic religious slurs by Dr. Deepti and another employee, Jackie Dheere, in the presence of coworkers and contractors.

18. Plaintiff requested verbally and, multiple times in writing, that Dr. Deepti stop using slurs and address the issue with the other employee who had used these slurs.

19. When the discrimination/harassment was not addressed, Plaintiff became insistent to both Dr. Deepti and Dr. Harish that appropriate action be taken to stop discrimination/harassment from occurring.  Shortly thereafter, Plaintiff was terminated.

20. Plaintiff became engaged to be married in mid-December 2020.  Dr. Deepti became aware of his engagement on December 16, 2020.  On December 17, 2020, Dr. Deepti reneged on a contract that had been promised to Plaintiff providing him with 20% ownership in Laser 360 MedSpa and VRI.  On December 20, 2020, Plaintiff's employment was terminated.

21. These actions were taken in retaliation for Plaintiff's insistence on religious slurs in the workplace being addressed and/or in retaliation for his engagement

after not resuming his sexual relationship with Dr. Deepti. Plaintiff had received a discretionary bonus the week before the events of the week of the 13th that led to his retaliatory termination).

## COUNT 3
## VIOLATION OF FLORIDA'S WHISTLEBLOWER ACT
## AGAINST ALL DEFENDANTS

22. Defendants purchased a Class IV laser, which is extremely dangerous if not utilized correctly.

23. Defendants had several employees, including Plaintiff, trained on the Class IV laser.

24. Plaintiff raised concerns to Dr. Deepti and Dr. Harish that the individuals operating the laser did not meet the legal requirements of the State of Florida Health Department for operating a Class IV laser and that they were not covered by the practice's malpractice insurance while operating the laser.

25. Initially, Defendants had employees, including Plaintiff, performing work on each other with the Class IV laser both in the office and at the home of Dr. Deepti and Dr. Harish.

26. Plaintiff also raised concerns to Dr. Deepti and Dr. Harish that the work being performed off site was not covered by medical malpractice insurance.

27. In response to all of the above objections to violations of laws, rules or regulations, Defendants through Dr. Deepti threatened Plaintiff's employment.

28. In addition, one of Defendants' employees, Miguel Anaya, failed to adhere to the protocols learned during training.  Plaintiff objected to Mr. Anaya's violation of the protocols for using the Class IV laser.

29. In response to the concerns raised by Plaintiff concerning Mr. Anaya, Dr. Deepti verbally terminated Plaintiff, which she later rescinded.

30. At some point, Defendants began accepting payment for procedures performed on patients at the home of Dr. Deepti and Dr. Harish.  Plaintiff vehemently objected to this occurring.

31. In response, Dr. Deepti sent the Plaintiff home and threatened to fire him.

32. Although payment for procedures at the home of Dr. Deepti and Dr. Harish continued, Plaintiff refused to perform any services for which pay was received outside of the office.

WHEREFORE, Plaintiff demands for lost wages, benefits, front pay, and other remuneration; all other compensatory damages allowable under law; emotional distress damages, prejudgment and post judgment interest, attorney's fees, and costs (pursuant to Fla.Stat. §448.104 and any other relief the Court deems just and proper.

## COUNT 4
## NEGLIGENCE AGAINST ALL DEFENDANTS

33. Plaintiff and other staff were led to believe by Dr. Deepti that the procedures being performed did not require a Physician Assistant (PA), Nurse Practitioner (APRN), Medical Doctor (MD) or Doctor of Osteopathy (DO) license to operate the Class IV Laser.  They were also led to believe that her presence during the procedures was not required to constitute direct supervision.

34. In addition to being an employee, Plaintiff was a patient of Dr. Deepti.  As such, Plaintiff was owed a duty of care by Defendants.

35. In January 2020, Plaintiff had a procedure done by a co-worker using a Class IV laser.  Unbeknownst to Plaintiff, the co-worker was not certified to use the laser.  While Dr. Deepti was present during part of the procedure, she was not present the entire time.

36. During the procedure, Plaintiff suffered from severe burns, which resulted in permanent scarring.

37. Defendants were guilty of negligence by knowingly deviating from the standard , not ensuring that operators of the Class IV laser met the legal requirements of the State of Florida Health Department and conducting

procedures that were knowingly not covered by the practice's malpractice insurance.

38. As a direct and proximate result of Defendants' negligence described above, Plaintiff was permanently injured. Plaintiff has caused to suffer pain and suffering, mental anguish and anxiety, and discomfort and will continue to endure these in the future.  In order to repair any of the physical damage Plaintiff has suffered, he will incur medical expenses in the future.

WHEREFORE, Plaintiff, requests damages for general and special damages in an amount Plaintiff will prove, for pain and suffering, attorney's fees, costs, and any other damages the Court determines is appropriate.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

Dated: March 18, 2021                      Respectfully submitted,

*/s/Beth Coke*
Beth Coke
Coke Employment Law
131 N. 2nd Street, Suite 204
Fort Pierce, Fl. 34950
Telephone: (772) 252-4230
Facsimile: (772) 252-4575
Fla. Bar #70726
Attorney for Plaintiff